IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| INCUBORN SOLUTIONS, INC., dba CYPRESS GOLF SOLUTIONS, and MICHAEL LOUSTALOT, | 06-CV-481-BR |
| | OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| GOLFSWITCH, INC., and SPECTRUM GOLF, INC., | |
| Defendants. | |

**DAVID W. AXELROD**
**JOHNATHAN E. MANSFIELD**
**PATCHEN M. HAGGERTY**
Harris Berne Christensen LLP
Schwabe, Williamson & Wyatt, P.C.
PacWest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR  97204
(503) 222-9981

Attorneys for Plaintiffs

**CRAIG D. BACHMAN**
**KENNETH R. DAVIS, II**
Lane Powell PC
601 S.W. Second Avenue, Suite 2100
Portland, OR  97204-3158
(503) 778-2100

Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiffs' Motion to Amend the Judgment to "Without Prejudice" under Federal Rules of Civil Procedure 59(e) and 41(b)(#47).  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to Amend the Judgment to clarify that Plaintiffs are allowed to bring this action in an appropriate forum.

## BACKGROUND

On June 6, 2006, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer this Case to the District of Arizona.

On September 22, 2006, the Court concluded it lacked personal jurisdiction over Defendants and, therefore, granted Defendants' Motion to Dismiss.  The same day, the Court entered a Judgment dismissing this matter with prejudice.

On October 10, 2006, Plaintiffs filed a Motion to Amend the Judgment pursuant to Rules 59(e) and 41(b).

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its

2 - OPINION AND ORDER

> order for dismissal otherwise specifies, a
> dismissal under this subdivision and any dismissal
> not provided for in this rule, other than a
> dismissal for lack of jurisdiction, for improper
> venue, or for failure to join a party under Rule
> 19, operates as an adjudication upon the merits.

Rule 41(b) applies to a dismissal on the grounds of a plaintiff's failure to prosecute or to comply with a court's order.  Here the Court dismissed on the ground that it lacks personal jurisdiction.  Accordingly, Rule 41(b) is inapplicable and does not provide authority for the Court to alter or to amend its Judgment in this matter.

In addition, Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  The Court entered the Judgment in this matter on September 22, 2006.  Plaintiffs filed their Motion to Amend the Judgment on October 10, 2006, more than ten days after the entry of Judgment.

Accordingly, Plaintiffs' Motion is untimely under Rule 59(e).

The Court, however, has inherent authority to amend a Judgment to clarify the Judgment within a reasonable time.  Fed. r. Civ. P. 60.  Here the Court dismissed this matter with prejudice to the extent the Court does not have personal jurisdiction over this matter and Plaintiffs, therefore, are precluded from bringing the action in this Court.  The Court, however, did not intend the Judgment to foreclose Plaintiffs from

3 - OPINION AND ORDER

bringing this action in an appropriate forum.  Accordingly, the Court grants Plaintiffs' Motion to the extent that Plaintiffs are allowed to bring this action in an appropriate forum.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to Amend Judgment (#47) to clarify that Plaintiffs are allowed to bring this action in an appropriate forum.

IT IS SO ORDERED.

DATED this 23rd day of October, 2006.

          /s/ Anna J. Brown
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER